[No. B189338. Second Dist., Div. One. June 26, 2006.]

STEPHEN L. COOLEY, as District Attorney, etc., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
MELISSA GREENSTEIN, Real Party in Interest.

COUNSEL

Franscell, Strickland, Roberts & Lawrence, Cindy S. Lee and Jin S. Choi for Petitioner.

No appearance for Respondent.

Robins, Kaplan, Miller & Ciresi, Steven D. Archer and David Martinez for Real Party in Interest.

OPINION

**MALLANO, J.**—The County of Los Angeles District Attorney's Office (DA) petitions for extraordinary relief from an order of respondent Los Angeles County Superior Court. The order granted the motion of real party in interest Melissa Greenstein to enforce a deposition subpoena duces tecum (SDT) served on nonparty DA, seeking the production of business records that were generated by entities other than the DA. Because the DA and its personnel are not in a position to make the attestations that must accompany subpoenaed business records under Evidence Code section 1561, subdivision (a), Greenstein's motion should have been denied.[1] Accordingly, we grant the DA's petition.

## BACKGROUND

In July 2003, George Weller drove his car on a street closed to traffic for the Santa Monica Farmer's Market, resulting in 10 deaths and many injuries. Based on this conduct, the DA is prosecuting Weller for vehicular manslaughter. Weller, along with the City of Santa Monica and others, are also defendants in numerous related civil actions, including one brought by Greenstein.[2]

---

[1] Evidence Code section 1561 provides in relevant part:

"(a) The records shall be accompanied by the affidavit of the custodian or other qualified witness, stating in substance each of the following:

"(1) The affiant is the duly authorized custodian of the records or other qualified witness and has authority to certify the records.

"(2) The copy is a true copy of all the records described in the [SDT] . . . .

"(3) The records were prepared by the personnel of the business in the ordinary course of business at or near the time of the act, condition, or event.

"(4) The identity of the records.

"(5) A description of the mode of preparation of the records."

[2] Greenstein is the lead plaintiff in related actions and cross-actions arising out of the incident, which have been assigned for all purposes to the same trial judge.

The farmer's market incident was investigated by the Santa Monica Police Department and the California Highway Patrol. Results of these investigations were included in a multidisciplinary accident investigation team report (MAIT Report) issued in December 2003. In May 2004, Greenstein sought discovery of the MAIT Report. After various motions and a writ petition to this court, the MAIT Report was eventually produced, as redacted, subject to certain conditions.

In October 2005, after Weller had been bound over for trial following a preliminary hearing, Greenstein served a deposition SDT on the custodian of records of the DA, seeking records and documents in addition to the MAIT Report. The SDT requested "[p]roduction of . . . items which were previously produced to counsel for defendant George Russell Weller in the companion Criminal Case," including investigative reports, statements by Weller, photographs, field interview notes, and results of any tests or examinations. The DA responded by serving written objections to the SDT on multiple grounds, including that the information sought was privileged and confidential in various respects, that production of the documents would unduly burden and otherwise hinder the criminal prosecution, that production would violate best evidence principles, and that the DA was not the custodian of the records or otherwise qualified to certify them as required for an SDT.

On December 14, 2005, Greenstein filed a motion to enforce the SDT, the ruling on which is the subject of this petition. The DA filed opposition; the court later requested supplemental briefing.

In Greenstein's submissions, it was noted that a request for production of the same records and documents specified in the SDT had been served on defendant City of Santa Monica. The city responded with various objections, but included a statement that it would comply with whatever orders the trial court issued on Greenstein's motion to enforce the SDT served on the DA. Greenstein argued that none of the privileges claimed by the DA was unconditional and that the applicable balancing test weighed in favor of enforcing the SDT. In addition, Greenstein asserted that the documents were not available from the City of Santa Monica and Weller, and it was therefore appropriate that they be produced by the DA, notwithstanding that the DA is not a party to the action. (Although not specifically mentioned in the briefing on the motion, during the pendency of the motion a stay was in effect that

prohibited seeking discovery from Weller.) Greenstein further argued that the documents requested in the SDT qualified as business records, of which the DA was the custodian.

The DA's opposition included a declaration by counsel that Greenstein's attorney "explicitly stated that he was not seeking the DA's confidential files or work product." Another of the DA's counsel declared that none of the subpoenaed records was "prepared or generated by any District Attorney personnel." Rather, the documents were the product of investigation by the California Highway Patrol and the Santa Monica Police Department. Thus, argued the DA, the documents were not part of the DA's business records and were not subject to the SDT.

At a hearing on Greenstein's motion held February 15, 2006, the court stated "the argument that the [DA] is not the custodian of records sought because the records were prepared by the Santa Monica Police Department and/or the CHP is an argument that lacks merit as a matter of law . . . ." The court continued that the documents sought "are maintained by the [DA]," production would not jeopardize the privacy of the crime victims because those victims are the moving parties, the documents produced would be subject to a protective order, and the "[DA] has not shown that the privacy and confidentiality interests outweigh the interests in discovery by the crime victims in the civil case, especially when there is a protective order."

In a minute order dated February 16, 2006, the court ordered that the DA comply with the SDT, subject to certain redactions. (In a separate matter involving the related cases that was considered by the court later that day, the stay of discovery on Weller was lifted.) On February 28, the DA filed a petition for extraordinary relief in this court, challenging the trial court's order granting Greenstein's motion to enforce the SDT. On March 1, we issued a temporary stay of that order and requested opposition from Greenstein. After that opposition was filed, we issued an order to show cause, setting a briefing schedule and placing the matter on calendar for oral argument.

## DISCUSSION

The DA contends that it is not the "custodian" of the "business records" sought by Greenstein and that in view of the availability of the subpoenaed records from both Weller and the City of Santa Monica, the trial

court erred in requiring that those records be produced by nonparty DA. We conclude there is merit in the DA's first contention and on that basis do not discuss the second.

■ "The 'business records subpoena,' an innovation of the Civil Discovery Act of 1986 ([Code Civ. Proc., ]§ 2016 et seq.), commands the production of business records for copying without attendance at a deposition, thus allowing parties to obtain 'business records' held by nonparties by simply serving a business records subpoena. [Citation.]" (*Urban Pacific Equities Corp. v. Superior Court* (1997) 59 Cal.App.4th 688, 692 [69 Cal.Rptr.2d 635].) A deposition subpoena for business records is to be "directed to the custodian of those records or another person qualified to certify the records." (Code Civ. Proc., § 2020.410, subd. (c).) Under Evidence Code section 1560, which governs transmittal of business records, " 'Business' includes every kind of business described in Section 1270" and " 'Record' includes every kind of record maintained by a business." (*Id.*, § 1560, subd. (a)(1), (2).) Evidence Code section 1270, which involves the business records exception to the hearsay rule, defines " 'a business' " to "include[] every kind of business, governmental activity, profession, occupation, calling, or operation of institutions, whether carried on for profit or not."

The DA argues that irrespective of the intrinsic characteristics of the documents themselves, the DA does not function as the custodian of these records because it cannot execute the affidavit required by Evidence Code section 1561. We agree.

■ At first blush, it would seem that a person or entity that maintains records would also be the custodian of those records. Nevertheless, the custodian of records or other qualified witness contemplated by Evidence Code section 1561 must also be able to attest to various attributes of the records relevant to their authenticity and trustworthiness. As such, execution of a section 1561 affidavit is more than simply a clerical task.

■ In *Taggart v. Super Seer Corp.* (1995) 33 Cal.App.4th 1697 [40 Cal.Rptr.2d 56], the court dealt with a version of Evidence Code section 1561 that did not contain subdivision (a)(4) and (5) (see fn. 1, *ante*). The issue presented was whether a deposition subpoena affidavit accompanying records complying with that version of Evidence Code section 1561 provided a sufficient foundation for admission of the records into evidence under

Evidence Code sections 1562 and 1271.[3] In concluding it did not, the *Taggart* court reasoned that "a custodian's declaration may state all the matters it is required to state under section 1561, yet fail to provide a sufficient foundation for admission of the records under section 1271. [Citations.] Most significantly, the custodian's declaration is not required to state the 'identity' or 'mode of preparation' of the records. As a result, it will usually fail to show that '[t]he []sources of information and method and time of preparation' of the records indicate their trustworthiness." (*Taggart v. Super Seer Corp.,* supra, 33 Cal.App.4th at p. 1706.) The year after *Taggart* was decided, and in direct response to that opinion, Evidence Code section 1561 was amended (Stats. 1996, ch. 146, § 1, p. 715) to add subdivision (a)(4) and (5) "to ensure that such [nonparty business] records may continue to be admissible without requiring their authenticity to be proved through live testimony from the custodian of records or other qualified witness." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 3001 (1995–1996 Reg. Sess.) May 16, 1996, p. 1.)

Here, the DA's assertion that it did not prepare or generate any of the documents covered by the SDT stands uncontested. Thus, even before the 1996 amendment's addition of subdivision (a)(4) and (5) to Evidence Code section 1561, the DA could not have made the attestation set forth in subdivision (a)(3) that the subpoenaed records had been prepared in the ordinary course of business at or near the time of the event. And as section 1561 now stands, the DA is unable to comply with subdivision (a)(4) and (5), and, thus, is not a custodian of the records sought.

Whether the records described in the SDT can otherwise be obtained by Greenstein, and under what conditions, was not raised below and we offer no opinion on the subject. But Greenstein's motion to enforce her business records SDT against nonparty DA should not have been granted.

---

[3] Evidence Code section 1562 allows copies of records that have been produced under section 1561 to be admitted in evidence if the requirements of section 1271 have been met.

Evidence Code section 1271 provides:

"Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered to prove the act, condition, or event if:

"(a) The writing was made in the regular course of a business;

"(b) The writing was made at or near the time of the act, condition, or event;

"(c) The custodian or other qualified witness testifies to its identity and the mode of its preparation; and

"(d) The sources of information and method and time of preparation were such as to indicate its trustworthiness."

## DISPOSITION

Let a peremptory writ of mandate issue commanding respondent Los Angeles County Superior Court to vacate its order of February 16, 2006, granting the motion of real party in interest Melissa Greenstein to enforce a subpoena duces tecum served on petitioner Los Angeles County District Attorney's Office and to enter a new and different order denying the motion. The temporary stay order issued on March 1, 2006, is dissolved. The parties are to bear their own costs.

Spencer, P. J., and Rothschild, J., concurred.