[No. C065630. Third Dist. May 31, 2011.]

ROBERT HERRERA et al., Plaintiffs and Appellants, v.
DEUTSCHE BANK NATIONAL TRUST COMPANY et al., Defendants
and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION[*]]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts I. and III. of the Discussion.

**COUNSEL**

Terry J. Thomas for Plaintiffs and Appellants.

AlvaradoSmith, Rick D. Navarrette, Theodore E. Bacon, Amy L. Morse and Frances Q. Jett for Defendants and Respondents.

**OPINION**

**MURRAY, J.—**

## SUMMARY

Plaintiffs Robert and Gail Herrera lost their house in South Lake Tahoe to a nonjudicial foreclosure sale. They brought suit to set aside that sale. They challenge whether the parties that conducted the sale, defendants Deutsche[1]

---

[1] The name of defendant Deutsche Bank National Trust Company was misspelled "Deutsch" by plaintiffs in the complaint and other filings. We use the correct spelling in our opinion.

Bank National Trust Company (the Bank) and California Reconveyance Company (CRC), were in fact the beneficiary and trustee, respectively, under a deed of trust secured by their property, and thus had authority to conduct the sale. Plaintiffs also contend that they are entitled to be repaid for the expenses they incurred in repairing and insuring the property and paying back taxes if defendants are successful in establishing their interest in the property.

Defendants moved for summary judgment. In support of their motion, they requested that the trial court take judicial notice of recorded documents, including an assignment of deed of trust and a substitution of trustee. Defendants asserted that these documents established the authority of the Bank and CRC to conduct the foreclosure sale. Defendants also provided a declaration by a custodian of records for CRC, in which the custodian did not expressly declare that the Bank was the beneficiary and CRC the trustee. Instead, she merely declared that an assignment of deed of trust and a substitution of trustee had been recorded and these recorded documents indicated the Bank had been assigned the deed of trust and that CRC had been substituted as trustee.

Plaintiffs appeal from a judgment after the trial court granted defendants' motion for summary judgment. They contend defendants failed to carry their burden in moving for summary judgment and the trial court erred in taking judicial notice of and accepting as true the contents of certain recorded documents.

We agree. In the published portion of the opinion, we hold that the trial court erred in accepting the contents of certain recorded document as true and relying upon that information in determining the summary judgment motion. Accordingly, we reverse the judgment in part.

In the unpublished portion of the opinion, we affirm the judgment as to the fourth cause of action, plaintiff's claim of unjust enrichment.

## FACTUAL AND PROCEDURAL BACKGROUND

In June of 2008, plaintiffs purchased the property at 739 Alameda Avenue, South Lake Tahoe (the Property), at a foreclosure sale. On February 27, 2009, CRC recorded a "Notice of Default and Election to Sell [the Property] Under Deed of Trust." On May 29, 2009, CRC recorded a notice of trustee's sale. On July 6, 2009, CRC recorded a trustee's deed upon sale, showing the

Property had been conveyed to the Bank, as foreclosing beneficiary. Plaintiffs brought suit against the Bank, CRC and others to set aside the sale, cancel the trustee's deed, quiet title to the Property, and for unjust enrichment.

In the first cause of action, plaintiffs sought to set aside the trustee's sale. Plaintiffs alleged they purchased "this run-down, filthy, distressed property" at a foreclosure sale, rehabilitated and repaired the Property and paid over $4,000 in back property taxes. They had no idea there might be a deed of trust from 2003, as it did not appear in the title search. About a year later, after plaintiffs had completed repair work on the Property, the Bank asserted an ownership interest in the Property. The Bank claimed to be the owner of the Property by virtue of a trustee's deed recorded "by an entity purporting to be the trustee."

In seeking to set aside the trustee's sale, plaintiffs alleged that during the year they were the owners of the Property, they never received any notices of assignment of trustee's deeds or notices of deficiency, nor did they receive any notices of trustee's sale or trustee's deeds. They alleged, on information and belief, that "CRC may be, or have been the Trustee, on a purported Trustee's sale of the subject property, to an entity which may have transferred whatever interest may have been acquired in the trustee's sale to Defendant Deutsch[e]." Plaintiffs alleged CRC was not the trustee and had no authority to conduct a trustee's sale, and believed no such sale had taken place. They further alleged any promissory note supporting the 2003 deed of trust was "time barred by the statute" and the maker, if any, "was lulled into believing that no action would be taken to enforce the 2003 [deed of trust] because no collection actions were taken within a reasonable time and no legally required notices of deficiency were sent or recorded."

In the second cause of action, plaintiffs sought to cancel the trustee's deed. Plaintiffs alleged the original promissory note and deed of trust no longer existed and the Bank's deed was invalid "as it is based solely upon purported copies which have no force and effect."

The third cause of action was to quiet title to the Property. Plaintiffs alleged defendants had no original, verifiable promissory note or deed of trust and had no standing to foreclose. They further alleged all rights, title and interest asserted by defendants "were sublimated into a non-functional 'security' instrument that gives no one entity rights in individual notes and deeds of trust." No defendant had an interest in the Property, but they had placed a cloud upon plaintiffs' title.

In the fourth cause of action, entitled unjust enrichment, plaintiffs alleged they had paid back taxes, insured the Property, and repaired deferred maintenance. If defendants were successful in claiming an interest in the Property, plaintiffs wanted to be repaid for their expenditures.

The Bank and CRC moved for summary judgment or summary adjudication on each cause of action, contending there was no triable issue of fact as to any of plaintiffs' claims. They claimed the undisputed evidence showed that the loan was in default, the Bank was the beneficiary under the deed of trust and CRC was the trustee. The default was not cured and CRC properly noticed the trustee's sale. Notice of the sale was sent to plaintiffs and California law did not require the original promissory note to foreclose. The Bank and CRC further contended that to quiet title, plaintiffs must allege tender, or an offer of tender, of the amount owed. They also contended there was no evidence of unjust enrichment.

In support of their motion, defendants requested that the court take judicial notice of certain documents pursuant to Evidence Code sections 451, subdivision (f) and 452, subdivisions (d), (g) and (h). These documents were:

(1) the trustee's deed upon sale recorded August 13, 2008, under which plaintiffs took title to the Property;

(2) a grant deed recorded December 13, 2002, showing the transfer of the Property to Sheryl Kotz;

(3) the deed of trust recorded April 30, 2003, with Sheryl Kotz as trustor and Long Beach Mortgage Company as trustee and beneficiary (the 2003 deed of trust);

(4) an assignment of deed of trust recorded February 27, 2009, assigning all interest under the 2003 deed of trust to the Bank by JPMorgan .Chase Bank, as successor in interest to Washington Mutual Bank, successor in interest to Long Beach Mortgage Company;

(5) a substitution of trustee recorded February 27, 2009, under which the Bank substituted CRC as trustee under the 2003 deed of trust;

(6) a "Notice of Default and Election to Sell [the Property] Under Deed of Trust" recorded February 27, 2009;

(7) a notice of trustee's sale under the 2003 deed of trust recorded May 29, 2009; and

(8) a trustee's deed upon sale recorded July 6, 2009, under which the Bank, as foreclosing beneficiary, was the grantee of the Property.

To support their motion, defendants also provided the declaration of Deborah Brignac. Brignac was a vice-president of CRC and a custodian of records for CRC. She was one of the custodians of records for the loan that was the subject of plaintiffs' complaint. She declared that the CRC loan records were made in the ordinary course of business by persons with a duty to make such records and were made about the time of the events reflected in the records. In April of 2003, "Shelia" (*sic*) Kotz[2] obtained a $340,000 loan from Long Beach Mortgage Company, and the loan was secured by a deed of trust on the Property. The 2003 deed of trust provided for a power of sale if the borrower defaulted and failed to cure the default. It also provided that successor trustees could be appointed.

Brignac further declared that as of February 26, 2009, $10,970.50 was "owed" on the note.[3] An assignment of the 2003 deed of trust was recorded February 27, 2009, indicating the transfer of all interest in the 2003 deed of trust to the Bank. A substitution of trustee was recorded the same date. According to Brignac's declaration, the Bank's substitution "substitutes the original trustee, Long Beach Mortgage Company for [CRC]."

Brignac further declared that a notice of default and election to sell under deed of trust was recorded on February 27, 2009, and copies were sent to plaintiffs on March 4, 2009, as shown in the affidavits of mailing attached to her declaration. A notice of trustee's sale was recorded on May 29, 2009. Copies of this notice were mailed to plaintiffs, as shown in the attached affidavits of mailing.[4] The loan was not reinstated. The Property was sold at a trustee's sale on June 25, 2009. At the time of sale, the total unpaid debt was $336,328.10. At no time before the trustee's sale did plaintiffs tender the unpaid debt.

The Bank and CRC filed a separate statement of undisputed facts setting forth the facts as stated in Brignac's declaration.

---

[2] The recorded documents attached to Brignac's declaration indicate that the first name of Ms. Kotz is "Sheryl," not "Shelia."

[3] Because Brignac later stated in her declaration that the total unpaid debt and costs amounted to $336,328.10, we assume Brignac intended to state that payments were $10,970.50 in arrears, not that $10,970.50 was "owed."

[4] The affidavits of mailing attached to Brignac's declaration showed the notice of default and the notice of trustee's sale were mailed to plaintiffs at a post office box and at the address of the subject property by both first-class and certified mail.

In response, plaintiffs admitted the description of the Property and that they purchased it on June 24, 2008, at a foreclosure sale; they disputed all of the remaining facts. They asserted that the Brignac declaration was without foundation and contained hearsay and that all of the recorded documents contained hearsay.

In their opposition to the motion for summary judgment, plaintiffs began with a diatribe against the "Foreclosure Industry," asserting the industry operated "as if the Evidence Code, the law of contracts, assignments, deeds of trust and foreclosure are merely optional." They contended defendants failed to meet their burden of proof for summary judgment because their request for judicial notice and Brignac's declaration were inadmissible hearsay. They further contended the notice of default and the notice of trustee's sale failed to meet statutory requirements of California law. Finally, they asserted defendants lacked standing to foreclose because they had not produced even a copy of the promissory note.

Plaintiffs moved to strike the declaration of Brignac as lacking foundation and containing hearsay. They also opposed the request for judicial notice. They argued the recorded documents were all hearsay. Citing only the federal rules of evidence and federal case law grounded on the federal rules, plaintiffs argued a court cannot take judicial notice of disputed facts contained in a hearsay document. Plaintiffs disputed "virtually everything" in the recorded documents, arguing one can record anything, regardless of its accuracy or correctness.

The trial court overruled plaintiffs' hearsay objections, denied plaintiffs' motion to strike the Brignac declaration, granted defendants' request for judicial notice, and granted defendants' motion for summary judgment, finding no triable issue of material fact. Judgment was entered in favor of the Bank and CRC.

## DISCUSSION

### I. Law of Summary Judgment and Standard of Review[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II. First, Second and Third Causes of Action

While plaintiffs' complaint is hardly a model of clarity, it seeks to undo the foreclosure sale. The first three causes of action—to set aside the sale, cancel

[*]See footnote, *ante*, page 1366.

the trustee's deed and quiet title—claim, among other things, that the Bank and CRC had no authority to conduct the foreclosure sale. On this point, plaintiffs allege the Bank claims to be the owner of the Property by virtue of a trustee's deed recorded "by an entity purporting to be the trustee." They further allege CRC was not the trustee and had no authority to conduct the sale; the sale did not take place or was improperly held. The first three causes of action of plaintiffs' complaint are based on the allegations that the Bank had no interest in the Property and CRC was not the trustee and had no authority to conduct a trustee's sale. Thus, initial issues framed by the pleadings are whether the Bank was the beneficiary under the 2003 deed of trust and whether CRC was the trustee under that deed of trust. The fourth cause of action for unjust enrichment raises different issues and will be discussed separately in the unpublished portion of this opinion.

Defendants moved for summary judgment on the basis that plaintiffs' allegations were not supported by the undisputed facts. They asserted CRC was the trustee pursuant to the substitution of trustee recorded by the Bank as beneficiary under the 2003 deed of trust.

To establish that CRC was the trustee and thus had authority to conduct the trustee's sale, defendants requested that the trial court take judicial notice of the recorded assignment of deed of trust, which showed the Bank was the beneficiary. Defendants also requested that the trial court take judicial notice of the recorded substitution of trustee, which showed the Bank, as beneficiary, had substituted CRC as trustee.

■ Matters that may be judicially noticed can support a motion for summary judgment. (Code Civ. Proc., § 437c, subd. (b)(1).) However, plaintiffs contend the trial court erred in taking judicial notice of the disputed facts contained within the recorded documents. We agree.

■ " 'Judicial notice is the recognition and acceptance by the court, for use by the trier of fact or by the court, of the existence of a matter of law or fact that is relevant to an issue in the action without requiring formal proof of the matter.' " (*Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 882 [110 Cal.Rptr.2d 877].)

"Judicial notice may not be taken of any matter unless authorized or required by law." (Evid. Code, § 450.) "Matters that are subject to judicial notice are listed in Evidence Code sections 451 and 452. A matter ordinarily is subject to judicial notice only if the matter is reasonably beyond dispute. [Citation.]" (*Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 113 [55 Cal.Rptr.3d 621].)

■ "Taking judicial notice of a document is not the same as accepting the truth of its contents or accepting a particular interpretation of its meaning." (*Joslin v. H.A.S. Ins. Brokerage* (1986) 184 Cal.App.3d 369, 374 [228 Cal.Rptr. 878].) While courts take judicial notice of public records, they do not take notice of the truth of matters stated therein. (*Love v. Wolf* (1964) 226 Cal.App.2d 378, 403 [38 Cal.Rptr. 183].) "When judicial notice is taken of a document, . . . the truthfulness and proper interpretation of the document are disputable." (*StorMedia Inc. v. Superior Court* (1999) 20 Cal.4th 449, 457, fn. 9 [84 Cal.Rptr.2d 843, 976 P.2d 214] (*StorMedia*).)

■ This court considered the scope of judicial review of a recorded document in *Poseidon Development, Inc. v. Woodland Lane Estates, LLC* (2007) 152 Cal.App.4th 1106 [62 Cal.Rptr.3d 59] (*Poseidon*). "[T]he fact a court may take judicial notice of a recorded deed, or similar document, does not mean it may take judicial notice of factual matters stated therein. [Citation.] For example, the First Substitution recites that Shanley 'is the present holder of beneficial interest under said Deed of Trust.' By taking judicial notice of the First Substitution, the court does not take judicial notice of this fact, because it is hearsay and it cannot be considered not reasonably subject to dispute." (*Id.* at p. 1117.)

■ The same situation is present here in the context of this residential mortgage foreclosure litigation. The substitution of trustee recites that the Bank "is the present beneficiary under" the 2003 deed of trust. As in *Poseidon*, this fact is hearsay and disputed; the trial court could not take judicial notice of it. Nor does taking judicial notice of the assignment of deed of trust establish that the Bank is the beneficiary under the 2003 deed of trust. The assignment recites that JPMorgan Chase Bank, "successor in interest to WASHINGTON MUTUAL BANK, SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY" assigns all beneficial interest under the 2003 deed of trust to the Bank. The recitation that JPMorgan Chase Bank is the successor in interest to Long Beach Mortgage Company, through Washington Mutual, is hearsay. Defendants offered no evidence to establish that JPMorgan Chase Bank had the beneficial interest under the 2003 deed of trust to assign to the Bank. The truthfulness of the contents of the assignment of deed of trust remains subject to dispute (*StorMedia, supra,* 20 Cal.4th at p. 457, fn. 9), and plaintiffs dispute the truthfulness of the contents of all of the recorded documents.

Judicial notice of the recorded documents did not establish that the Bank was the beneficiary or that CRC was the trustee under the 2003 deed of trust. Defendants failed to establish "facts justifying judgment in [their] favor" (*Bono v. Clark* (2002) 103 Cal.App.4th 1409, 1432 [128 Cal.Rptr.2d 31]), through their request for judicial notice.

Defendants also relied on Brignac's declaration, which declared that the 2003 deed of trust permitted the beneficiary to appoint successor trustees. Brignac, however, did not simply declare the identity of the beneficiary and the new trustee under the 2003 deed of trust. Instead, she declared that an assignment of deed of trust and a substitution of trustee were recorded on February 27, 2009. These facts add nothing to the judicially noticed documents; they establish only that the documents were recorded.

■ Brignac further declared that "[t]he Assignment of Deed of Trust *indicates* that JPMorgan Bank [*sic*], successor in interest to Washington Mutual Bank, successor in interest to Long Beach Mortgage Company, transfers all beneficial interest in connection with the [deed of trust] to Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2003–4." (Italics added.) This declaration is insufficient to show the Bank is the beneficiary under the 2003 deed of trust. A supporting declaration must be made on personal knowledge and "show affirmatively that the affiant is competent to testify to the matters stated." (Code Civ. Proc., § 437c, subd. (d).) Brignac's declaration does not affirmatively show that she can competently testify the Bank is the beneficiary under the 2003 deed of trust. At most, her declaration shows she can testify as to what the assignment of deed of trust "indicates." But the factual contents of the assignment are hearsay and defendants offered no exception to the hearsay rule prior to oral argument to make these factual matters admissible.

At oral argument, defendants contended that the recorded documents were actually business records and admissible under the business record exception. We note that Brignac did not provide any information in her declaration establishing that the sources of the information and the manner and time of preparation were such as to indicate trustworthiness. (Evid. Code, § 1271, subd. (d).)[5] Information concerning this foundational element was conspicuously lacking.[6] Yet, this information was critical in light of the evidentiary

---

[5] Brignac stated the following in her declaration concerning the foundational elements for the business records exception: "1. I am a Vice President of California Reconveyance Company ('CRC'). I am also a custodian of records for CRC and am one of the custodians of records for the loan which is the subject of plaintiffs' Complaint in this case. These records include computer records and written correspondence. I make this declaration based on my review of these records, as well as plaintiffs' Complaint. If called as a witness in this case, I am competent to testify of my own personal knowledge, to the best of my recollection, as to the matters set forth in this Declaration. [¶] 2. The CRC loan records were made in the ordinary course of business by individuals who had a business duty to make such entries and records, and were made at or about the time of the events reflected in the records."

No further attempt was made to establish the foundational elements for the business record exception.

[6] Indeed, contrary to defendants' assertion in the respondents' brief that "Ms. Brignac attested to the validity of the documents attached as exhibits to her declaration . . .—

gap establishing the purported assignments from Long Beach Mortgage Company to Washington Mutual Bank to JPMorgan Chase Bank. The records used to generate the information in the assignment of deed of trust, if they exist, were undoubtedly records not prepared by CRC, but records prepared by Long Beach Mortgage Company, Washington Mutual and JPMorgan Chase. Defendants have not shown how Brignac could have provided information about the source of that information or how those documents were prepared. (See *Cooley v. Superior Court* (2006) 140 Cal.App.4th 1039 [45 Cal.Rptr.3d 183] [district attorney unable to attest to attributes of subpoenaed records in his possession relevant to their authenticity and trustworthiness]; Evid. Code, § 1561.) Moreover, the timing of those purported assignments relative to the recording of those events on the assignment of deed of trust cannot be found in the Brignac declaration or anywhere else in the record.

■ We also note that Brignac did not identify either the February 27, 2009 assignment of deed of trust, or another key document, the February 27, 2009 substitution of trustee, as business records in her declaration. Rather, she referenced both documents in her declaration by stating that "[a] recorded copy" was attached as an exhibit. In light of the request for judicial notice, we take this statement to mean that the exhibits represented copies of records on file at the county recorder's office.[7] On a motion for summary judgment, the affidavits or declarations of the moving party are strictly construed against the moving party. (*Mann v. Cracchiolo* (1985) 38 Cal.3d 18, 35 [210 Cal.Rptr. 762, 694 P.2d 1134] (*Mann*).) Of course, had the documents reflecting the assignments and the substitution been offered as business records, there would have been no need to request that the court take judicial notice of them. Accordingly, we reject defendants' newly advanced theory.

Brignac's declaration is lacking in yet another way. It is confusing as to the effect of the substitution of trustee. She declares, "The Substitution by Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2003–4 substitutes the original trustee, Long Beach Mortgage Company for California Reconveyance Company." Brignac's declaration (and defendants' statement of undisputed facts) can be read to state that the Bank

documents which she declared under penalty of perjury were true and correct copies," there is no statement by Brignac anywhere in her declaration that the documents were true and correct copies.

[7] The only description she provided in her declaration concerning the business records upon which she relied was that "[t]hese records include computer records and correspondence." (See fn. 5, *ante*.) This statement is ambiguous in that it could mean only computer records and correspondence were relied upon or that the records she reviewed included, *but were not limited to*, computer records and correspondence. In any event, she did not identify the recorded documents as business records.

substituted Long Beach Mortgage Company for CRC as trustee, rather than that CRC was substituted for Long Beach Mortgage Company. We must strictly construe this statement against the moving party. (*Mann, supra*, 38 Cal.3d at p. 35.) Even if we were to construe Brignac's declaration to state that the Bank substituted CRC as trustee under the 2003 deed of trust, it would be insufficient to establish CRC is the trustee. A declaration that the substitution of trustee by the Bank made CRC trustee would require admissible evidence that the Bank was the beneficiary under the 2003 deed of trust and thus had the authority to substitute the trustee. As explained *ante*, defendants failed to provide admissible evidence that the Bank was the beneficiary under the 2003 deed of trust.

At oral argument, defendants asserted that plaintiffs' hearsay objections to their separate statement of facts did not comply with the California Rules of Court. (See Cal. Rules of Court, rule 3.1354(b).) From this, defendants impliedly suggest those objections should be ignored by this court. Whether the objections complied with the rules of court is of no moment at this juncture. The trial court ruled on those objections in its order granting summary judgment, stating, "Plaintiffs' hearsay objections are overruled." The wording of the court's order (drafted by defendants) suggests the ruling was made on substantive evidentiary grounds, not procedural grounds, and there is no evidence in the record to the contrary.

Because defendants failed to present facts to establish that the Bank was beneficiary and CRC was trustee under the 2003 deed of trust, and therefore had authority to conduct the foreclosure sale, triable issues of material fact remain as to the first three causes of action. The trial court erred in granting summary judgment and it would be error to grant summary adjudication as to any of those causes of action.

### III. Fourth Cause of Action*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is reversed with directions to vacate the order granting summary judgment and to enter a new order denying summary judgment as

---

*See footnote, *ante*, page 1366.

to the first three causes of action, and granting defendants summary adjudication of the fourth cause of action only. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(3).)

Raye, P. J., and Nicholson, J., concurred.

On June 28, 2011, the opinion was modified to read as printed above.