Filed 1/30/14  Landau v. Wells Fargo Bank CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| JEAN-MARC LANDAU et al., | C071834 |
| Plaintiffs and Appellants, | (Super. Ct. No. SCV0030248) |
| v. | |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants and Respondents. | |

Plaintiffs Jean-Marc and Jennifer Landau sued several defendants involved in the nonjudicial foreclosure sale of the Landaus' property.  The trial court sustained defendants' demurrers without leave to amend.  On appeal from the resulting judgment, we find no error and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The following statement of facts takes as true "the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters of which judicial notice has been taken" (*Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 111) but ignores all "contentions, deductions or conclusions of law" in the complaint (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967).

1

In July 2005, the Landaus took out a loan from Gateway Bank, FSB (Gateway) to either purchase or refinance an existing loan on what appears to be a Squaw Valley condominium (the property). As part of the loan transaction, the Landaus signed a promissory note for $570,000, and Gateway took a security interest in the property in the form of a deed of trust that was recorded in August 2005. The deed of trust identified Gateway as the lender, First American Title as the trustee, and defendant Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary "acting solely as a nominee for Lender and Lender's successors and assigns."

Shortly following the closing of the loan, Gateway represented that defendant Aurora Loan Services, LLC (Aurora) would service the loan. Around the same time, Gateway sold the note to an investment trust of which defendant Wells Fargo Bank, N.A. (Wells Fargo) is the trustee.

In January 2010, a notice of default and election to sell under the deed of trust was recorded against the property. The notice of default asserted that $12,342.19 was owed as of January 12, 2010. The notice advised the Landaus to contact Aurora care of defendant Quality Loan Service Corp. (Quality) to arrange for payment to stop the foreclosure. The notice was signed by an "Authorized Signor" for Quality, which was acting "AS AGENT FOR BENEFICIARY."

In February 2010, a substitution of trustee signed by a vice president of MERS was recorded on the property. This document substituted Quality in place of MERS as the trustee under the deed of trust.

In April 2010, Quality recorded a notice of trustee's sale on the property, with the sale set for May 4. Apparently this sale was later postponed.

In November 2010, a corporate assignment of deed of trust signed by a vice president of MERS was recorded on the property. This document transferred MERS's beneficial interest in the deed of trust to Aurora.

In March 2011, Quality recorded another notice of trustee's sale on the property, with the sale set for April 4. This sale was apparently postponed as well, but ultimately the foreclosure sale was held in July 2011, with Aurora purchasing the property at the sale. A trustee's deed upon sale was recorded on July 20, 2011, showing Aurora purchased the property for the unpaid debt and costs, which exceeded $655,000.[1]

In November 2011, the Landaus commenced this action against Wells Fargo, Aurora, Quality, and MERS. As relevant here, the first amended complaint, filed in March 2012, alleged causes of action for "lack of standing" (which the trial court construed as "an attempt to allege wrongful foreclosure"); unfair business practices; intentional infliction of emotional distress; breach of contract; and declaratory relief.[2]

The gist of the cause of action for wrongful foreclosure was that defendants could not "establish possession and proper transfer and/or endorsement of the Promissory Note and proper assignment of the Deed of Trust" and therefore defendants did not have the right to foreclose on the property. The cause of action for unfair business practices alleged that defendants had engaged in various "deceptive business practices with respect to mortgage loan servicing, assignments of notes and deeds of trust, foreclosure of residential properties and related matters" which caused the Landaus' property to be sold at a foreclosure sale. The cause of action for intentional infliction of emotional distress was based on defendants' conduct in "fraudulently attempting to foreclose on a property

---

[1]    All of the documents mentioned above were referenced in and attached to the original complaint in the proceeding. The first amended complaint, which is the operative pleading for our purposes, also referenced the same documents and stated that they were attached and incorporated by reference, but apparently, by mistake, they were not attached to the amended complaint.

[2]    The first amended complaint also included four other causes of action, but because the Landaus did not attempt to show in their opening brief any error in the sustaining of the demurrers to those causes of action, the Landaus have forfeited any such claims. (See *Aragon-Haas v. Family Security Ins. Services, Inc.* (1991) 231 Cal.App.3d 232, 241.)

in which they have no right, title, or interest." The breach of contract cause of action alleged that the Landaus' monthly payments under the loan were to be $2,731.25 until 2015, but when the Landaus missed a tax payment that was part of their obligation under the loan agreement, defendants breached the agreement by increasing the monthly payment to $4,700. The declaratory relief cause of action alleged there was a dispute between the parties as to the ownership of the property and the validity and amount of any liens on the property prior to foreclosure.

In April 2012, Wells Fargo, Aurora, and MERS jointly demurred to the first amended complaint. They argued that: (1) "California law does not allow [the Landaus] to bring a cause of action in order to test [defendants'] standing" to foreclose on the property; (2) the unfair business practices cause of action was "legally deficient as to allegations of unlawful acts, unfair practices, and fraudulent acts"; (3) the intentional infliction of emotional distress cause of action was "inadequately pled and precluded by the economic loss doctrine"; (4) the breach of contract cause of action was "insufficiently pled and not supported by the allegations"; and (5) the cause of action for declaratory relief "fails for many of these same reasons."

In support of their demurrer, Wells Fargo, Aurora, and MERS asked the trial court to take judicial notice of two additional deeds of trust on the property from May 2009. They asserted that these documents showed that the Landaus had "leverag[ed] the Property for an additional $415,000" before they defaulted on the loan from 2005.

Days later, Quality also demurred to the first amended complaint. In support of its demurrer, Quality asked the trial court to take judicial notice of all but one of the documents that were referenced in the first amended complaint and that had been attached to the original complaint.[3]

---

[3] The one document Quality omitted from its request for judicial notice was the notice of trustee's sale recorded in April 2010.

The demurrer of Wells Fargo, Aurora, and MERS came on for hearing first. The trial court granted defendants' request for judicial notice and sustained the demurrer without leave to amend. On the cause of action for wrongful foreclosure, the court concluded that the Landaus had failed to allege that they tendered the amount of the secured indebtedness and had failed to sufficiently allege any facts to support an exception to the requirement of tender. The court also concluded there was a "lack of factual allegations that would show prejudice to the [Landaus] from [the] alleged imperfections in the foreclosure process." On the cause of action for unfair business practices, the court concluded the complaint "fail[ed] to allege sufficient facts showing any unlawful, unfair, or fraudulent business activities conducted by the moving defendant[s]." On the cause of action for intentional infliction of emotional distress, the court concluded there was a dearth of "facts that demonstrate extreme or outrageous conduct on the part of the moving defendant[s]." According to the court, allegations of "inappropriate recordation of transfers of the deed of trust" were "insufficient to allege the essential elements for intentional infliction of emotional distress." On the breach of contract cause of action, the court concluded that the Landaus had not sufficiently alleged an excuse for their nonperformance under the loan agreement and while in default themselves they could not compel defendants to perform under the agreement. On the declaratory relief cause of action, the court concluded that "[t]he failure of [the Landaus] to sufficiently allege a wrongful foreclosure action indicates a failure to state a cause of action for declaratory relief."

With respect to Quality's demurrer, the trial court first granted Quality's request for judicial notice, noting that "the documents [the Landaus] now object to were attached to their original complaint and apparently supposed to be attached to their" first amended complaint. The court then ruled on the various causes of action in the same manner that it had ruled with respect to the demurrer by the other defendants.

5

The trial court entered judgment in favor of defendants in July 2012, and the Landaus timely appealed.

## DISCUSSION

### I

### *Standard Of Review*

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled.  The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded.  [Citations.]  The court does not, however, assume the truth of contentions, deductions or conclusions of law.  [Citation.]  The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken.  [Citations.]' [Citation.]  However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory.  [Citation.]  And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment."  (*Aubry v. Tri-City Hospital Dist.*, *supra*, 2 Cal.4th at pp. 966-967.)  "[T]he burden is on the plaintiff to demonstrate that the trial court abused its discretion. [Citations.]  Plaintiff must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading."  (*Cooper v. Leslie Salt Co.* (1969) 70 Cal.2d 627, 636.)

### II

### *Judicially Noticed Documents*

As a general matter, not related to any particular cause of action, the Landaus contend that while the trial court could judicially notice the existence of "the recorded foreclosure documents" as public records, the court nonetheless erred in "accept[ing] the validity or truth of [those] documents" "simply because they were recorded."  The Landaus further contend that "the court's ruling must have been based on its erroneous

6

acceptance of the contents of these recorded documents as true." According to the Landaus, "[t]he trial court's reliance on the *truth* of these documents constitutes a reversible error."

"The burden is on the appellant in every case affirmatively to show error and to show further that the error is prejudicial . . . ." (*Vaughn v. Jonas* (1948) 31 Cal.2d 586, 601.) Accepting that a court may not take judicial notice of the truth of factual matters stated in a recorded document (see, e.g., *Herrera v. Deutsche Bank National Trust Co.* (2011) 196 Cal.App.4th 1366, 1375), the Landaus have nonetheless failed to carry their burden of showing error -- let alone prejudicial error -- because they have not shown that the trial court *did, in fact,* take judicial notice of the truth of factual matters stated in the recorded documents of which it took judicial notice. The assertion that the court's ruling against them "*must* have been based on its erroneous acceptance of the contents of these recorded documents as true" (italics added) is of no significance without an explanation of why this is so, but the Landaus offer no such explanation. Absent a showing that the trial court took judicial notice of the truth of factual matters contained in the recorded documents, and that its action in doing so was integral to its sustaining of the demurrers, the Landaus have failed to show any prejudicial error.

III

*Wrongful Foreclosure*

The Landaus contend they adequately pled a claim for wrongful foreclosure, but their argument consists of a number of seemingly contradictory points. First they assert that "the securitization of their loan had caused the true beneficial ownership of that loan to fall to certain certificate holders who purport to hold an interest against the Property." They then assert that the original lender, Gateway, "failed to record a transfer of the beneficial interest to Defendants before the 'closing date' indicated on the Pooling and Service Agreement," and therefore their note and deed of trust were "not . . . part of the Trust Res." They *then* assert that their "Note was split apart from the deed and pooled

7

into a Trust; however, proper endorsements were not made to vest the Trust with an interest in the Property." They claim that "[y]ears later, the entity which [they] believed to be their servicer [Aurora] created a fraudulent lien claim by recording an assignment," but this assignment is void because "any assignment must be made prior to the closing date of the trust" and "[t]his did not occur." Finally, they assert that "any interest vested in the original lender was sold at the time the loan was securitized, therefore, Defendants and [the] alleged servicer had nothing to assign."

That is the entirety of the Landaus' argument on their wrongful foreclosure cause of action (with the exception of a single sentence related to leave to amend, which we will discuss later). That argument is not sufficient to carry the day for the Landaus.

"On appeal, a plaintiff bears the burden of demonstrating that the trial court erroneously sustained the demurrer as a matter of law. . . . Because a demurrer tests the legal sufficiency of a complaint, the plaintiff must show the complaint alleges facts sufficient to establish every element of each cause of action." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.) The Landaus' argument does not contain a single cite to legal authority or a single cite to the record on appeal -- in particular, to the allegations in their first amended complaint. Thus, the Landaus fail to show with appropriate cites to the record exactly what facts they pleaded in their complaint, and they fail to show with appropriate citation to relevant legal authority how those facts adequately stated a cause of action for wrongful foreclosure. Under these circumstances, the Landaus have failed to carry their burden on appeal of showing error in the sustaining of the demurrers to their cause of action for wrongful foreclosure.

As for whether the trial court abused its discretion in denying leave to amend, the Landaus' entire argument on that point is that "[i]f [they] were granted leave to amend, they would have alleged additional facts regarding Defendants' involvement in the improper securitization of their mortgage which ultimately led to the wrongful foreclosure on their home." As we have stated already, to show an abuse of discretion,

8

the plaintiff "must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." (*Cooper v. Leslie Salt Co.*, *supra*, 70 Cal.2d at p. 636.) The Landaus have not met this standard.

IV

*Unfair Business Practices*

The Landaus contend they adequately alleged a cause of action for violation of Business and Professions Code section 17200 et seq., which prohibits any unlawful, unfair or fraudulent business act or practice. According to them, they alleged "multiple unlawful and misleading practices, including making misrepresentations to [them] regarding the ownership of their loan and recording false and misleading documents to fabricate the missing gaps in the chain of title." In support of this assertion, they reference five pages of their first amended complaint. They then assert that their complaint alleged "a violation of Civil Code §2932.5" (in the second cause of action, which they have not attempted to separately defend on appeal) and "a violation of Civil Code §2934a seq." (in the third cause of action, which they also have not attempted to separately defend on appeal). They also asserted that their complaint "incorporated as an element thereof the [first amended complaint's] allegations that [defendants] violated Penal Code §115.5." They then contend that "[b]ased on the foregoing facts, the trial court should have overruled [the] demurrer to [their] cause of action alleging violations of Business and Professions Code §17200."

We find the foregoing argument insufficient to carry the Landaus' burden on appeal of "demonstrating that the trial court erroneously sustained the demurrer as a matter of law" and "show[ing] the complaint alleges facts sufficient to establish every element of each cause of action." (*Rakestraw v. California Physicians' Service*, *supra*, 81 Cal.App.4th at p. 43.) The Landaus do not adequately cite to the specific allegations of their operative complaint, instead citing only generally to the five pages that contained their entire cause of action for unfair business practices. Furthermore, with respect to the

9

specific code sections the Landaus cite, they offer nothing more than the bare citations, i.e., they make no attempt to explain what those code sections require or prohibit and no attempt to show how defendants' actions contravened those requirements or prohibitions. Accordingly, we conclude the Landaus have not shown error in the sustaining of the demurrers to their cause of action for unfair business practices.

As for the denial of leave to amend, the Landaus fail to adequately show "in what manner [they] can amend [their] complaint and how that amendment will change the legal effect of [their] pleading." (*Cooper v. Leslie Salt Co.*, *supra*, 70 Cal.2d at p. 636.) Instead, they assert in only the broadest of terms that if allowed to amend, they could allege additional "unlawful conduct includ[ing] but . . . not limited to the following: (a) Instituting improper or premature foreclosure proceedings to generate unwarranted fees; (b) Executing and recording false and misleading documents; (c) Executing and recording documents without legal authority to do so; (d) Failing to disclose the principal for which documents were being executed and recorded in violation of Civil Code § 1095; . . . (e) Acting as beneficiaries and trustees without the legal authority to do so; (f) Failing to comply with Civil Code § 2932.5; and (g) Failing to notify the borrowers of any assignment of their loan to a new creditor in violation of 15 U.S.C. § 1641(g)." We find this insufficient to demonstrate any abuse of discretion in the denial of leave to amend.

V

*Breach Of Contract*

The Landaus contend they "properly alleged each and every element for a breach of contract." More specifically, they assert that they alleged defendants "did not comply with the terms of the agreement they executed in the [Landaus'] loan application" because defendants "increased the monthly required payments due on the . . . loan by almost 75%," and this increase "caused [the Landaus'] home to be foreclosed on."

10

We perceive several fatal flaws in the Landaus' argument. The contract on which the cause of action is based appears to be the loan agreement, or related documents executed at the outset of the loan, in which the Landaus agreed to make certain monthly payments and the lender agreed to accept those payments. Their complaint, however, specifically alleges that they entered into the loan transaction with *Gateway*, which is not a defendant in this action. To the extent the Landaus seek to overcome this earlier, inconsistent allegation by claiming that they and defendants "executed a written contract stating the obligations of each party regarding the loan," the Landaus had to set out the terms of that written contract "verbatim in the body of the complaint" or attach a copy of the contract to the complaint and incorporate it by reference. (*Otworth v. Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452, 459.) They did neither.

As for leave to amend, the Landaus assert only that if given leave "they would have alleged additional facts asserting their full performance under the terms of the contract while Defendants breached material terms." This is insufficient to show "in what manner [they] can amend [their] complaint and how that amendment will change the legal effect of [their] pleading." (*Cooper v. Leslie Salt Co.*, *supra*, 70 Cal.2d at p. 636.)

VI

*Intentional Infliction Of Emotional Distress*

The gist of the Landaus' cause of action for intentional infliction of emotional distress is that defendants intentionally sold the Landaus' property in a nonjudicial foreclosure sale knowing "they [defendants] had no right, title, or interest" in the property. According to the Landaus, this conduct "exceeded all bounds of decency."

In support of their argument, the Landaus do not cite a single legal authority. "[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration." (9 Witkin, Cal. Proc. (5th ed. 2008) Appeal, § 701, p.

11

769.) Absent *any* citation to relevant authority, we need not further consider this aspect of the Landaus' arguments on appeal.

## VII

### *Declaratory Relief*

The Landaus contend they adequately stated a claim for declaratory relief because "there is an actual dispute that exists as to the ownership of the Property and the validity, if any, and amount, if any, of the liens." We disagree. The Landaus' case is based on a nonjudicial foreclosure sale of their property that has already been completed. To the extent the Landaus contest the validity of that sale, the dispute presented is one as to the legal effect of past acts, not legal rights in an ongoing or future relationship. "'Declaratory relief operates prospectively, serving to set controversies at rest. If there is a controversy which calls for a declaration of rights, it is no objection that past wrongs are also to be redressed; but there is no basis for declaratory relief where only past wrongs are involved. Hence, where there is an accrued cause of action for an actual breach of contract or other wrongful act, declaratory relief may be denied." (*Baldwin v. Marina City Properties, Inc.* (1978) 79 Cal.App.3d 393, 407.)

Here, any cause of action the Landaus might have had was for wrongful acts defendants took in the past. In such a situation, there is no error in sustaining a demurrer to a cause of action for declaratory relief.

## DISPOSITION

The judgment is affirmed.

                                                      _____ROBIE_____, J.

We concur:


_____BLEASE_____, Acting P. J.


_____BUTZ_____, J.

12