[No. B157741. Second Dist., Div. Five. June 17, 2003.]

FRANK M. SILVIO et al., Plaintiffs and Appellants, v.
FORD MOTOR COMPANY et al., Defendants and Respondents.

COUNSEL

Law Offices of Lawrence J. Hutchens, Lawrence J. Hutchens and Michael S. Humphries for Plaintiffs and Appellants.

Atkins & Evans, Irwin S. Evans, Kenneth M. Jones and Jonathan R. Ivy for Defendants and Respondents.

OPINION

**ARMSTRONG, J.**—This case raises a single question concerning Civil Code section 1793.2, subdivision (d), part of the Song-Beverly Consumer

Warranty Act. The statute sets forth the remedies to be afforded to consumers by any automobile manufacturer which "is unable to service or repair a new motor vehicle . . . to conform to the applicable express warranties after a reasonable number of attempts, . . ." (Civ. Code, § 1793.2, subd. (d)(2).) In this case, appellants Frank M. and Charlotte Silvio gave respondents Ford Motor Company and Board Ford one chance to repair their allegedly defective Ford Explorer. Respondents moved for nonsuit on the ground that "reasonable number of attempts," being in the plural, required that they be given at least two opportunities to repair. The trial court agreed with respondents' reading of the statute. ■ After the exercise of independent review on this question of statutory interpretation (*People v. Duz-Mor Diagnostic Laboratory, Inc.* (1998) 68 Cal.App.4th 654, 660 [80 Cal.Rptr.2d 419]), we find that the trial court correctly interpreted the statute and affirm.

## Discussion

At trial, appellants presented evidence that they bought a Ford Explorer from Board Ford on November 17, 1998. On November 29, 1998, as Frank Silvio drove into his garage, the Explorer suddenly and rapidly accelerated, although Silvio did nothing to cause the acceleration. On December 28, after picking the Explorer up from the body shop, Frank Silvio drove the Explorer to Board Ford. Board Ford representatives drove the Explorer and conducted tests, and told Silvio that they could not find anything wrong with the vehicle, but that the problem was caused by thick after-market floor mats he had put in the Explorer.

There was another episode of sudden acceleration on July 24, 2000. The Silvios' son contacted Board Ford, told them about the incident, and said that appellants wanted Ford to buy back the Explorer and did not want it fixed. Ford refused to buy the Explorer from appellants. This lawsuit followed.

The evidence is thus that respondents were given one opportunity to repair the Explorer, and the issue on appeal is whether that single failed[1] attempt triggered the obligations set out in Civil Code section 1793.2, subdivision (d).

■ Appellants begin their argument by contending that our first task in interpreting the statute is to ascertain legislative intent, and that the Song-Beverly Consumer Warranty Act is intended to protect consumers, so that

---

[1]We say "failed" because this is a review of a successful motion for nonsuit. (*Hinckley v. La Mesa R. V. Center, Inc.* (1984) 158 Cal.App.3d 630, 636 [205 Cal.Rptr. 22].) Whether the Explorer was in fact defective was an issue at trial.

we should interpret the statute to mean that only one opportunity to repair need be given to the manufacturer when the alleged defect is sufficiently serious.

The rules of statutory interpretation are otherwise. ■ Our first task is to look at the statutory language, giving the words the meaning they bear in ordinary use. If the meaning is without ambiguity, doubt, or uncertainty, the language controls; in that case, there is no need for construction, and it is not necessary to resort to indicia of the intent of the Legislature. (*Mercer v. Department of Motor Vehicles* (1991) 53 Cal.3d 753, 763 [280 Cal.Rptr. 745, 809 P.2d 404]; *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299]; *Halbert's Lumber, Inc. v. Lucky Stores, Inc.* (1992) 6 Cal.App.4th 1233, 1238 [8 Cal.Rptr.2d 298].)

■ We see no ambiguity or uncertainty here and thus do not consider any argument regarding intent. The statute requires the manufacturer to afford the specified remedies of restitution or replacement if that manufacturer is unable to repair the vehicle "after a reasonable number of *attempts*." "Attempts" is plural. The statute does not require the manufacturer to make restitution or replace a vehicle if it has had only one opportunity to repair that vehicle.

Appellants' argument to the contrary is that one attempt can be a "reasonable number of attempts," if one attempt is reasonable, speculating that Ford would not have attempted a repair if given another chance, but would have stuck to its position that the problem was caused by the floor mats. The speculation on the facts is beside the point, and the argument itself is unconvincing. "One" is singular, and "attempts" is plural.

Appellants also cite *Bishop v. Hyundai Motor America* (1996) 44 Cal.App.4th 750 [52 Cal.Rptr.2d 134], contending that the case establishes that fewer than two repair attempts can suffice. In *Bishop*, the manufacturer acknowledged that it was responsible for a defect that resulted in a serious car fire, but made unsatisfactory replacement and restitution offers. The issue on appeal concerned the award for loss of use of the vehicle and emotional distress damages. The case did not construe the statute at issue here and is thus of no assistance to us. ■ "A case is not authority for points not decided." (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 88 [87 Cal.Rptr.2d 754].)

■ Nor are appellants assisted by their citation to *Ibrahim v. Ford Motor Co.* (1989) 214 Cal.App.3d 878 [263 Cal.Rptr. 64]. As appellants argue, the case holds that the reasonableness of the number of attempts is a

question of fact for the trier of fact. We do not quarrel with that holding, but do not believe that it addresses the issue here, whether "attempts," as used in Civil Code section 1793.2, subdivision (d)(2), requires more than one attempt. A trier of fact might determine that two or three or more attempts were reasonable under the circumstances of a case or were unreasonable under those circumstances. A single attempt does not meet the statutory threshold, so that there is no need for a trier of fact to determine its reasonableness.

Finally, appellants cite Civil Code section 1793.22, subdivision (b), which creates a presumption that a reasonable number of attempts have been made under certain circumstances. In particular, appellants cite that portion of the statute that creates a presumption of reasonableness if, in the first 18 months or 18,000 miles, the same problem "results in a condition that is likely to cause death or serious bodily injury if the vehicle is driven and the nonconformity has been subject to repair two or more times by the manufacturer . . . ." Appellants argue that recent amendments to the statute have increased the consumer protection afforded.

We simply do not see the relevance of the argument. Appellants contend that the defect in their Explorer was one that was likely to cause death or serious bodily injury, but they did not give Ford two opportunities to fix any problem. If anything, the statute indicates that even where the defect is life-threatening, one opportunity to repair is not enough.

### Disposition

The judgment is affirmed. Respondents to recover costs on appeal.

Turner, P. J., and Grignon, J., concurred.

On June 19, 2003, the opinion was modified to read as printed above. Appellants' petition for review by the Supreme Court was denied August 27, 2003. Werdegar, J., did not participate therein. Kennard, J., was of the opinion that the petition should be granted.