Filed 12/30/14  Grayton v. CarMax Auto Superstores CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| MAURICE GRAYTON, | D064967 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2013-00029236-CU-PL-CTL) |
| CARMAX AUTO SUPERSTORES CALIFORNIA LLC et al., | |
| Defendants and Respondents. | |


APPEAL from a judgment of the Superior Court of San Diego County, Randa Trapp, Judge.  Affirmed.


Maurice Grayton, in pro. per., for Plaintiff and Appellant.

Schlichter & Shonack, Kurt A. Schlichter, Steven C. Shonack, Kim T. Mann; Doll Amir & Eley, Hunter R. Eley and Chelsea L. Diaz, for Defendants and Respondents.

INTRODUCTION

Maurice Grayton sued CarMax Auto Superstores California, LLC (CarMax) and Capital One N.A. (Capital One) contending the car he purchased was defective. He appeals a judgment of dismissal following the trial court's order sustaining a demurrer to his second amended complaint (SAC) in its entirety without leave to amend. Although difficult to decipher, Grayton appears to contend on appeal (1) his complaint adequately pleaded a cause of action for violation of the Song-Beverly Consumer Warranty Act (Song-Beverly Act) (Civ. Code, § 1790 et seq.) and (2) the court abused its discretion in denying his request for leave to amend. Finding no merit in either contention, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A

*Factual Allegations*

We derive the facts from the complaints. (*Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809, 814.)

Grayton purchased a 2002 Chevrolet Corvette in September 2012 from CarMax after looking for a Corvette for several months. Since CarMax advertised vehicles as "carefully inspected and reconditioned" Grayton felt "assured that any vehicle undergoing such a rigorous inspection would not have mechanical problems."

Three days after purchasing the vehicle, the steering wheel locked up while Grayton was driving. Grayton alleges he placed the vehicle in reverse with both the clutch and the gas pedal engaged when the "steering wheel locked up at a speed of ten to fifteen miles per hour." Grayton slammed on the brakes because he could not guide the

2

vehicle away from bystanders or objects behind the vehicle. Grayton alleged this experience caused him undue anxiety and emotional distress.

CarMax towed the vehicle to the dealership and determined there was "an open recall on the steering wheel column." CarMax then had the Corvette repaired.

The SAC added an allegation stating the anti-lock braking system (ABS) light came on after the electronic steering column mechanism was replaced. According to the SAC, the Chevrolet dealer required a deposit to inspect the braking system and CarMax "provided that it would send out its inspector but has failed to do so." Grayton now refuses to operate the vehicle.

B

*The Pleadings*

The original complaint named CarMax and Capital One and alleged causes of action for negligence, breach of express and implied warranty, strict products liability, false representation, and personal assault.

After CarMax filed a demurrer, Grayton obtained leave to file a first amended complaint (FAC). The FAC alleged only three causes of action for (1) violation of the Song-Beverly Act based on allegations of breach of both express and implied warranties, (2) violation of the Consumer Legal Remedies Act (CLRA), and (3) violation of the unfair competition law (UCL) (Bus. & Prof. Code, § 17200 et seq.). Although the FAC named Capital One as a defendant, it did not include Capital One in the allegations.

The court sustained the demurrer of CarMax and Capital One to the first cause of action for violations of the Song-Beverly Act based on an express warranty "because

3

plaintiff pled the alleged steering defect was repaired and has not pled any further defect in the vehicle or any failure to replace or reimburse." It overruled the demurrer to the cause of action based on implied warranty of merchantability. The court sustained the demurrer as to second and third causes of action for violations of the CLRA and UCL. The court determined Grayton had not alleged facts showing how either the CLRA or UCL were violated or standing under the UCL. The court granted Grayton leave to amend.

The SAC, which reads like an opposition to a demurrer rather than a complaint, again alleged causes of action for (1) violation of the Song-Beverly Act (now based only on express warranty), (2) violation of the CLRA, and (3) violation of the UCL. The SAC alleged CarMax advertised it "carefully inspected and reconditions the vehicle," provided an express "30-day CarMax warranty," and represented the vehicle was "safe to drive and had no defects."

The SAC alleged Capital One is vicariously liable for the torts of CarMax in the sales transaction. The SAC also alleged Capital One provided a lower credit score for him than a prior lender had given him. Capital One allegedly represented it would refinance the vehicle loan after the purchase, but has failed to do so. Grayton alleged this constitutes an unfair business practice and he was harmed because he was required to pay a higher interest rate and his credit score has been negatively impacted.

## C

### *Demurrer to SAC*

CarMax and Capital One filed a demurrer to the SAC contending Grayton did not state a cause of action for breach of express warranty under the Song-Beverly Act because the steering column was repaired in a single attempt and he does not allege he presented the vehicle for repair of the ABS system to CarMax on at least two occasions. CarMax and Capital One also contended Grayton did not state a cause of action under the CLRA or the UCL based on vehicle financing or based on allegedly failing to complete repairs of "open recalls" on used vehicles. Additionally, they contended Grayton did not allege he suffered "actual damage" as required to have standing for CLRA and UCL claims.

Grayton did not oppose the demurrer, but requested leave to amend at oral argument. Grayton also argued the Commercial Code provides express and implied warranties are "cumulative." Counsel for CarMax and Capital One argued the SAC did not contain allegations for beach of implied warranty.

The trial court confirmed its tentative ruling sustaining the demurrer in its entirety without leave to amend. The court ruled the first cause of action for breach of express warranty failed to state sufficient facts to support a violation of the Song-Beverly Act against CarMax based on illumination of the ABS light because the SAC does not allege Grayton brought the vehicle back to CarMax for repair. As to Capital One, the court determined there were no allegations showing the Song-Beverly Act covers vehicle financing or that Capital One made any misleading statements about the car loan. The

5

court also ruled the second and third causes of action failed to state sufficient facts for specific violations of the CLRA or the UCL.  The court denied Grayton's request for leave to amend noting this was the second demurrer and Grayton did not inform the court how the complaint could be amended to state a viable cause of action.

DISCUSSION

I

*Standard of Review*

On appeal from a judgment after a demurrer is sustained without leave to amend, we review the order de novo and exercise our independent judgment on whether the complaint states a cause of action as a matter of law.  (*Lincoln Property Co., N.C., Inc. v. Travelers Indemnity Co.* (2006) 137 Cal.App.4th 905, 911.)  We assume the truth of all properly pleaded material facts, as well as facts inferred from the pleadings.  (*Howard Jarvis Taxpayers Assn. v. City of La Habra*, *supra*, 25 Cal.4th at p. 814.)  However, we do not assume the truth of contentions, deductions or conclusions of fact or law (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6).

Even though Grayton is representing himself, the rules of civil procedure apply equally to him.  A litigant "appearing in propria persona, . . . is entitled to the same, but no greater, consideration than other litigants and attorneys." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638; see *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)  For any appellant, "[a]ppellate briefs must provide argument and legal authority for the positions taken.  'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' "

6

(*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.)  "We are not bound to develop appellants' arguments for them.  [Citation.]  The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived."  (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

Grayton's opening brief is difficult to decipher.  It contains no citations to the record by settled statement on appeal, but cites occasionally to certain documents contained therein or to the register of actions.  Grayton cites legal authority, but typically without analysis or explanation as to how the authority applies to the facts of his case.  We address only the points we can glean from the opening brief and treat all other issues not supported by the record or cogent analysis as waived.

II

*Forfeiture of Claims Not Raised on Appeal*

Grayton does not challenge the court's order sustaining the demurrer to the second and third causes of action for alleged violations of the CLRA and UCL.  Therefore, we deem those claims abandoned.  (*Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1177 ["Generally, appellants forfeit or abandon contentions of error regarding the dismissal of a cause of action by failing to raise or address the contentions in their briefs on appeal"].)

7

### III

*The SAC Does Not State a Cause of Action for Violation of the Song-Beverly Act*

### A

Grayton appears to contend the trial court erred in sustaining the demurrer to the SAC in its entirety without leave to amend because it previously ruled Grayton's FAC sufficiently alleged facts to support a claim for breach of the implied warranty of merchantability. Grayton is mistaken.

Although Grayton's SAC mentioned the prior ruling on the implied warranty claim in a procedural summary, the SAC does not include allegations of a breach of implied warranty in the cause of action for violation of the Song-Beverly Act. The SAC does not allege the vehicle was unfit or unusable for its ordinary purpose. At most, it alleges the vehicle is not what he bargained for and he refuses to operate it. This is not sufficient to state a claim for breach of implied warranty of merchantability. (*American Suzuki Motor Corp. v. Superior Court* (1995) 37 Cal.App.4th 1291, 1295 [implied warranty of merchantability does not " 'impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead it provides for a minimum level of quality' "].)

The fact a prior complaint may have sufficiently stated a claim for breach of implied warranty does not assist Grayton. " ' "It is well established that an amendatory pleading supersedes the original one, which ceases to perform any function as a pleading." ' [Citations.] Thus, an amended complaint supersedes all prior complaints. [Citations.] The amended complaint furnishes the sole basis for the cause of action, and the original complaint ceases to have any effect either as a pleading or as a basis for

judgment." (*State Compensation Ins. Fund v. Superior Court* (2010) 184 Cal.App.4th 1124, 1130-1131; see *Anmaco, Inc. v. Bohlken* (1993) 13 Cal.App.4th 891, 901 [amended complaint "put an end to the provisions of the previous complaint"].) Grayton's choice to file the SAC without allegations to support a claim for breach of the implied warranty of merchantability put an end to that claim. This issue was raised in the demurrer to the SAC. Grayton did not oppose the demurrer or otherwise seek relief to re-allege this cause of action.[1]

B

The trial court did not err in sustaining the demurrer based on failure to state a claim for breach of express warranty. "The Song-Beverly Act is a remedial statute designed to protect consumers who have purchased products covered by an express warranty." (*Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal.App.4th 785, 798.) An express warranty is defined as "[a] written statement arising out of a sale to the consumer of a consumer good pursuant to which the manufacturer, distributor, or retailer undertakes to preserve or maintain the utility or performance of the consumer good or provide compensation if there is a failure in utility or performance." (Civ. Code, § 1791.2, subd. (a)(1).)

"One of the most significant protections afforded by the [Song-Beverly Act] is found at [Civil Code] section 1793.2, subdivision (d), which provides with respect to

---

[1]     For the same reason, we disregard Grayton's contention the trial court erred in failing to address causes of action included in Grayton's original complaint for negligence, strict product liability, false representation or personal assault. These claims were abandoned when Grayton filed his subsequent complaints.

consumer goods that 'if the manufacturer or its representative in this state does not service or repair the goods to conform to the applicable express warranties after a reasonable number of attempts, the [warrantor] shall either replace the goods or reimburse the buyer in an amount equal to the purchase price paid by the buyer . . . .' [Citation.] A buyer of consumer goods who is damaged by the [warrantor's] failure to comply with the act may bring an action to recover damages and other legal and equitable relief." (*Robertson v. Fleetwood Travel Trailers of California, Inc.*, *supra*, 144 Cal.App.4th at p. 798.)

A plaintiff pursuing an action under the Song-Beverly Act must plead and prove: "(1) the vehicle had a nonconformity covered by the express warranty that substantially impaired the use, value or safety of the vehicle (the nonconformity element); (2) the vehicle was presented to an authorized representative of the [warrantor] for repair (the presentation element); and (3) the [warrantor] or [its] representative did not repair the nonconformity after a reasonable number of repair attempts (the failure to repair element)." (*Oregel v. American Isuzu Motors, Inc.* (2001) 90 Cal.App.4th 1094, 1101.) The failure to repair element requires the plaintiff to give the warrantor, at a minimum, more than one opportunity to fix or repair the nonconformity. (*Silvio v. Ford Motor Co.* (2003) 109 Cal.App.4th 1205, 1207-1209.)

In this case, the pleadings establish CarMax repaired the steering column lock problem in one attempt. Therefore, Grayton cannot state a claim for breach of express warranty based on the steering problem.

10

The SAC alleged for the first time the ABS light came on after the steering problem was repaired. Grayton allegedly took the car to a local Chevrolet dealer for repair, which apparently sought a deposit. However, the SAC did not allege Grayton provided CarMax with a reasonable number of opportunities to repair the vehicle during the warranty period. The SAC alleged CarMax would send an inspector "but has failed to do so." However, there is no allegation Grayton made more than one attempt to have CarMax repair or inspect the braking system or ABS light. Therefore, Grayton cannot state a claim for breach of express warranty under the Song-Beverly Act as to CarMax.

As to Capital One, the SAC did not allege sufficient facts to establish Capital One, as a lender, can be liable for breach of express warranty under the Song-Beverly Act. The SAC alleged CarMax used Capital One for Grayton to obtain a loan for the vehicle. It alleged Capital One was "vicariously liable for torts of CarMax committed within the scope of the transaction." The SAC did not establish Capital One was a manufacturer, distributor or retailer of a consumer good within the meaning of the Song-Beverly Act or that it made any express warranty about the fitness of the vehicle. The allegations regarding Grayton's credit score and an alleged promise to refinance the vehicle do not fall within the scope of the Song-Beverly Act. (Civ. Code, §§ 1791, subds. (a), (e), (j), (l), 1791.2, subd. (a)(1).)

IV

*No Abuse of Discretion in Denying Leave to Amend*

Grayton contends the trial court abused its discretion in denying him leave to amend. The trial court observed Grayton had several opportunities to plead his claims,

11

but had not adequately done so. Additionally, Grayton had not informed the trial court how he could amend the complaint to state a viable cause of action.

"If we see a reasonable possibility that the plaintiff could cure the defect by amendment, then we conclude that the trial court abused its discretion in denying leave to amend. If we determine otherwise, then we conclude it did not." (*Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 320.) " 'The burden of proving such reasonable possibility is squarely on the plaintiff.' " (*Maxton v. Western States Metals* (2012) 203 Cal.App.4th 81, 95.)

On appeal, a plaintiff must show in what manner the complaint can be amended and how the amendment will change the legal effect of the pleading. However, " '[t]he assertion of an abstract right to amend does not satisfy this burden.' [Citation.] The plaintiff must clearly and specifically state 'the legal basis for amendment, i.e., the elements of the cause of action,' as well as the 'factual allegations that sufficiently state all required elements of that cause of action.' " (*Maxton*, *supra*, 203 Cal.App.4th at p. 95.) Grayton does not meet his burden.

Grayton baldly contends if he is allowed another attempt to amend his complaint he would "change the legal effect of his pleading pursuant [to] [California Uniform Commercial Code section] 2317." Commercial Code section 2317 states, "[w]arranties whether express or implied shall be construed as consistent with each other and as cumulative, but if such construction is unreasonable the intention of the parties shall determine which warranty is dominant." The statute then outlines factors to ascertain the parties' intention. (Cal. U. Com. Code, § 2317.) Grayton does not explain how this

12

section applies or what additional facts he could allege to cure the defects in the SAC. Therefore, we find no basis for leave to amend and no abuse of discretion.

DISPOSITION

The judgment of dismissal is affirmed.  Respondents shall recover their costs on appeal.

McCONNELL, P. J.

WE CONCUR:

HALLER, J.

McINTYRE, J.