NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LIVING THE DREAM ALASKA, LLC,

Plaintiff-Appellant,

v.

MERCEDES-BENZ USA, LLC,

Defendant-Appellee.

No.    20-35816

D.C. No. 3:18-cv-00235-JWS

MEMORANDUM*

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted October 5, 2021
Seattle, Washington

Before:  PAEZ, M. SMITH, and NGUYEN, Circuit Judges.

Living the Dream Alaska, LLC ("LTD") appeals the district court's

summary judgment in favor of Mercedes-Benz USA, LLC ("MBUSA").  We have

jurisdiction over this action.[1]  Reviewing de novo, *see Bravo v. City of Santa*

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[1] Although we raised the amount in controversy at argument, we conclude that we
have jurisdiction because it is not clear to a legal certainty from the face of the
complaint that the amount in controversy requirements for diversity jurisdiction

*Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011), we affirm.

When interpreting an issue of state law without guidance from the state's highest court, "a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 820 (9th Cir. 2018) (quoting *Ariz. Elec. Power Co-Op., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995)).

To prevail under Alaska's lemon law, LTD must show that MBUSA was "unable to conform the motor vehicle to an applicable express warranty after a reasonable number of attempts." Alaska Stat. § 45.45.305. Citing to cases brought under California's similar lemon law, LTD argues that an attempt occurs when a consumer offers the manufacturer a reasonable opportunity to repair the vehicle. *See Oregel v. Am. Isuzu Motors, Inc.*, 109 Cal. Rptr. 2d 583, 590 (Cal. Ct. App. 2001) (citation omitted); *see also Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 50 Cal. Rptr. 3d 731, 741 (Cal. Ct. App. 2006) ("Each occasion that an opportunity for repairs is provided counts as an attempt, even if no repairs are actually undertaken." (citation omitted)).

---

and federal question jurisdiction pursuant to the Magnuson-Moss Warranty Act are not satisfied. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Kelly v. Fleetwood Enters.*, 377 F.3d 1034, 1037 (9th Cir. 2004).

But we need not address the proper interpretation of Alaska's lemon law because even under LTD's interpretation there is no genuine dispute that MBUSA did not make "a reasonable number of attempts" to repair LTD's Sprinter van under Alaska Stat. § 45.45.305.

The district court correctly concluded that the record does not support a reasonable inference that a repair attempt occurred on February 7, 2017. Stuart Hallam, the general manager of LTD, presented the Sprinter van to the MBUSA dealership in Spokane, but the dealership could not perform the repair until the following week because it was out of Loctite 648. Hallam decided not to wait to allow the repair to be completed in Spokane. Because Hallam did not wait in Spokane for the Loctite to arrive, MBUSA did not have an opportunity to repair the vehicle at that time.

The district court also correctly concluded that the record does not support a reasonable inference that more than one repair attempt occurred at the dealership in Farmington, Utah. Hallam brought the vehicle to the dealership on February 28, 2017, and the dealership ordered a new driveshaft. The van was brought back on March 22, and the dealership took until March 29 to complete its work. During this period, MBUSA had only one opportunity to repair the van, and therefore only one attempt occurred. *See Robertson*, 50 Cal. Rptr. 3d at 741.

This one attempt is insufficient under Alaska's lemon law. *See* Alaska Stat.

3

§ 45.45.305 (requiring "reasonable number of *attempts*" (emphasis added)); *id.* §

45.45.320 (providing that a presumption of a reasonable number of attempts arises

if the vehicle "has been *subject to repair* three or more times" (emphasis added));

*Silvio v. Ford Motor Co.*, 135 Cal. Rptr. 2d 846, 847 (Cal. Ct. App. 2003)

(reasoning from use of plural "attempts" in lemon law that more than one repair

attempt is required to entitle consumer to remedies).  Accordingly, the district

court properly granted summary judgment on LTD's lemon law claim.

Because LTD's remaining claims turn on the success of its lemon law

argument, we need not separately address those claims.

**AFFIRMED.**[2]

---

[2] MBUSA's motion to take judicial notice is denied.  Dkt. 24.